## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| LC WARD, JR., | § | CIVIL ACTION NO. |
| PLAINTIFF, | § | |
| | § | |
| v. | § | **7:20-CV-259** |
| | § | |
| ROCKWATER ENERGY SOLUTIONS, | § | |
| DEFENDANT. | § | JURY DEMANDED |

### PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**Plaintiff LC Ward, Jr. ("Plaintiff")** files this Complaint and would respectfully show the Court as follows:

### PARTIES

1.      Plaintiff is an individual who currently resides in Ector County, Texas.

2.      **Defendant Rockwater Energy Solutions ("Defendant")** is a foreign limited liability company with its principal place of business in Houston, Texas.  Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, TX 78701-3218.

### JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction because the action arises under Title I of the Americans with Disabilities Act, 42 U.S.C. § 12117(a).

4.      Venue is proper in the U.S. District Court for the Western District of Texas, Midland-Odessa Division pursuant to 42 U.S.C. § 1391(b) because the unlawful practices alleged below were committed therein.

EXHAUSTION OF ADMINISTRATIVE PROCEDURES

5.      Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).  Plaintiff filed this suit within ninety (90) days of receiving a Notice of Right to Sue (RTS Notice) from the EEOC.  A true and correct copy of the RTS Notice is attached as Exhibit A.

CONDITIONS PRECEDENT

6.      All conditions precedent have been performed or have occurred.

FACTS

7.      Defendant is a chemical and logistics solutions provider offering customized products and services to the stimulation, fracturing, fluids, and production needs of its customers throughout the United States.

8.      Defendant hires Plaintiff as a service technician in 2007.

9.      In 2010, Plaintiff writes a letter to his General Manager telling him that he has been diagnosed with Multiple Sclerosis (MS).

10.     MS is an autoimmune disease in which the body's own immune cells attack the central nervous system.

11.     Defendant bumps Plaintiff to a position as a driver.  The driver position is more physically strenuous than the service technician provision.  For example, a driver has to climb multiple stairs as he makes his rounds at the locations.

12.     Plaintiff requests multiple times to be moved back to the position of service technician.

13.     Plaintiff is prescribed monthly infusion treatments that cost approximately $30,000.00 per month including approximately $25,000.00 per month for the medication.

14.     Defendant tells Plaintiff to continue to work as a driver until a position comes open as a service technician.

15.     Defendant hires other service technicians.

16.     Defendant hires other drivers and instructed Plaintiff to train them.

17.     Plaintiff is loyal to his employer and does everything that is asked of him.

18.     Defendant fires Plaintiff on February 27, 2020.  The reason given for Plaintiff's termination is that he received a Department of Transportation (DOT) ticket because one of the stickers blew off of a drum that he was hauling.

19.     Other drivers have been ticketed for similar or worse offenses and have not been terminated.

<u>COUNT ONE – DISABILITY DISCRIMINATION (ADA) –<br>FAILURE TO ACCOMMODATE</u>

20.     Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

21.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA).  *See* 42 U.S.C. §12111(4).

22.     Defendant is an employer within the meaning of the ADA.  *See* 42 U.S.C. §12111(5).

23.     Plaintiff is a qualified individual with a disability as defined by the ADA. *See* 42 U.S.C. §12102, 12111(8).  Plaintiff is otherwise qualified to perform the essential functions of the jobs of field services technician and driver.

24.     Plaintiff has Multiple Sclerosis (MS).  MS is a disability as defined by the ADAAA, 42 U.S.C. §12102.

25.     MS is a physical impairment that substantially limits one or more major life activities.  Major life activities also include the operation of major bodily functions, including but not limited to the immune system and neurological functions.

26.     Although Plaintiff's MS may have been in remission at times, an impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.  *See* 42 U.S.C. §12102(4)(D).

27.     Defendant was aware that Plaintiff has MS.

28.     Defendant violated the ADA by failing to accommodate Plaintiff's disability by moving him back to the position of field services technician.

29.     Defendant did not enter into the interactive process to determine what if any accommodation would allow Plaintiff to perform his job duties.

30.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

<u>COUNT TWO – DISABILITY DISCRIMINATION (ADA)-<br>TERMINATION</u>

31.     Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

32.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA).  *See* 42 U.S.C. §12111(4).

33.     Defendant is an employer within the meaning of the ADA. *See* 42 U.S.C. §12111(5).

34.     Plaintiff is a qualified individual with a disability as defined by the ADA. *See* 42 U.S.C. §12102, 12111(8).

35.     In the event that Plaintiff's condition is not a disability as defined by the ADA, Defendant regarded him as disabled and/or he has a record of disability.

36.     Plaintiff is otherwise qualified to perform the essential functions of the jobs of field services technician and driver.

37.     Plaintiff has Multiple Sclerosis (MS).  MS is a disability as defined by the ADAAA, 42 U.S.C. §12102.  Alternatively, Defendant regarded Plaintiff as having a disability.

38.     MS is a physical impairment that substantially limits one or more major life activities.  Major life activities also include the operation of major bodily functions, including but not limited to the immune system and neurological functions.

39.     Although Plaintiff's MS may have been in remission at times, an impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.  *See* 42 U.S.C. §12102(4)(D).

40.     To the extent that Defendant offers a legitimate nondiscriminatory reason for Plaintiff's discharge, said reason(s) are a mere pretext for discrimination.  Alternatively, the reason(s) given for Plaintiff's termination, while true, are only some of the reasons, and Plaintiff's disability was a motivating factor in the decision to terminate his employment.  In other words, Defendant had mixed motives for Plaintiff's termination.

41.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

## DAMAGES

42.     Plaintiff has suffered damages including but not limited to backpay, front pay, and mental anguish/emotional distress.

## ATTORNEY'S FEES

43.     Plaintiff was forced to engage counsel to protect his rights.  Plaintiff is entitled to an award of attorneys' fees and costs (including but not limited to an award of reasonable expert witness fees), both trial and appellate, under the ADA, 42 U.S.C. §12205.

## INTEREST

44.     Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

45.     Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

a.  Compensatory and punitive damages;

b.  Back pay and front pay;

c.  Attorneys' fees and costs;

d.  Prejudgment and post-judgment interest;

e.  Such other and further relief, at law or in equity, to which Plaintiff may show himself justly and lawfully entitled.

Respectfully submitted,


By: /s/ Holly B. Williams
      Holly B. Williams
      Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com


**ATTORNEY FOR PLAINTIFF**
**LC WARD, JR.**

**EXHIBIT A**

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | LC Ward, Jr.<br>5910 Socorro<br>Odessa, TX 79762 | From: | El Paso Area Office<br>100 N. Stanton St.<br>6th Floor, Suite 600<br>El Paso, TX 79901 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **453-2020-00822** | **Jesse R. Hernandez,**<br>**Investigator** | **(915) 995-8840** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

ELIZABETH PORRAS *(digital signature)* ___ for ___   August 19, 2020

| Enclosures(s) | **Lucy V. Orta,**<br>**Area Office Director** | *(Date Mailed)* |
|---|---|---|

cc:    **A Alexander**
**Human Resources**
**ROCKWATER ENERGY SOLUTIONS**
**2559 W I-20**
**Odessa, TX 79760**