IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| LC WARD, JR., | § | |
| *Plaintiff*, | § § § | |
| v. | § | No. MO:20-CV-259-DC |
| ROCKWATER ENERGY SOLUTIONS, | § § § | |
| *Defendant*. | § § | |

## ORDER

BEFORE THE COURT is Plaintiff LC Ward, Jr.'s ("Plaintiff") Motion for New Trial (Doc. 100), and Defendant Rockwater Energy Solutions, LLC's ("Defendant") Response (Doc. 102). After due consideration, the Court **DENIES** Plaintiff's Motion (Doc. 100).

### I. BACKGROUND

Plaintiff sued Defendant under the Americans with Disabilities Act ("ADA") asserting two claims under the ADA: (1) a "failure to accommodate" claim ("COUNT ONE") and (2) a discriminatory "termination" claim ("COUNT TWO"). (Doc. 11 ¶¶ 20-41). After a trial on the merits, the Court held a charge conference during which Plaintiff's counsel voluntarily withdrew Plaintiff's submission to the jury of Plaintiff's "actual disability" termination claim, which had previously been included in the Court's proposed charge, choosing instead to proceed solely on Plaintiff's "regarded as" termination claim and "failure to accommodate" claim. The charge was accordingly revised at the request and approval of Plaintiff's counsel, and on October 13, 2022, the Court submitted the case to the jury on special interrogatories. (Doc. 93). Plaintiff's counsel made no objection at the charge conference to the charge's conditioning instructions of which Plaintiff now complains. (Doc. 100).

On October 13, 2022, the jury returned its unanimous verdict and answers to special interrogatories, the same being set forth in the verdict form on file with the Court. The jury expressly found that Defendant did not violate the ADA by failing to reasonably accommodate for Plaintiff's disability or by terminating Plaintiff because he was regarded as having a disability in Questions 2 & 4. No objection was made to Plaintiff's counsel to the form of the verdict at the time the jury's answers were read or before the jury was released. The Court denied Plaintiff's subsequent motion for entry of final judgment in his favor and entered judgment for Defendant in accordance with the jury's verdict. (Doc. 97). As previously stated, there is no inconsistent verdict on liability. The jury clearly found Defendant was not liable.

## II.   DISCUSSION

A motion for new trial is not the proper vehicle for rehashing arguments or evidence that could have been raised before the judgment was entered. Ironically, Plaintiff previously argued that any inconsistency in the jury's verdict was waived by failure to object to same. (Doc. 96) ("Because Defendant did not object to the inconsistency in the jury verdict the jury should enter judgment for the damages award."). Neither party made any objection to any inconsistent verdict and therefore any such objection is waived. *See Stancill v. McKenzie Tank Lines, Inc.,* 497 F.2d 529, 534–35 (5th Cir. 1974) ("By failing to object to the form of the verdict and answers at the time they were announced by the jury, both parties waived any objection to inconsistencies").

As the United States Court of Appeals for the Fifth Circuit held in *Nimnicht v. Dick Evans, Inc.* in affirming the trial court's entry of judgment for defendants: "This case presents a situation in which the answers to the special interrogatories were consistent with each other but inconsistent with the findings as to the quantum of damages. . . . We are of the opinion that those findings left the District Court with no room to adopt any other course . . . damages could not be

awarded. The jury should not have responded to Interrogatory No. 11. The fact that it mistakenly did so could not change the answers to the prerequisite questions, upon which any damages at all had to live or die." 477 F.2d 133, 135 (5th Cir. 1973).

Similarly, in the present case, the jury found consistently on liability that Defendant did not engage in any unlawful action or violate the ADA. Accordingly, the jury's damages finding was surplusage and disregarded pursuant to this Court's responsibility to avoid inconsistency in the jury verdict whenever possible. Fed. R. Civ. P. 49. Therefore, Plaintiff's Motion for New Trial is **DENIED**. (Doc. 100).

It is so **ORDERED**.

SIGNED this 4th day of January, 2023.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE